UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALRELIO EVANS,

                Plaintiff,                              Case No. 2:11-cv-492

v.                                                          Honorable R. Allan Edgar

PATRICIA L. CARUSO,

                Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Sean Lockhart, Gerald Riley, V. Hood, Mary Bonevelle, D. Lesatz, and Catherine S. Bauman. The Court will serve the complaint against Defendants Patricia L. Caruso, Kenneth McGinnis, Mike Martin, Gary Capella, Keith R. Snyder, Robert Majurin, Jr., Willie O. Smith, Gerry Wyma, and Unknown Cheney.

**Discussion**

    I.        Factual allegations

Plaintiff Alrelio Evans, a prisoner currently confined at the Ionia Maximum Correctional Facility, filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against several employees of the Michigan Department of Corrections (MDOC). On his complaint, Plaintiff lists D. Allison #416330, D. Settles #301268, K. Colvin Jr. #192744, and C. West II #A237293 as additional plaintiffs. However, none of these prisoners signed the complaint. The federal courts uniformly reject representation during litigation by unlicensed lay people. *See e.g. Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41 (1st Cir. 1982) (prisoners); *Cheung v. Youth Orchestra Foundation of Buffalo, Inc.*, 906 F.2d 59 (2d Cir. 1990) (parent/child); *Bonacci v. Kindt*, 868 F.2d 1442 (5th Cir. 1989). *See also United States v. Whitesel*, 543 F.2d 1176 (6th Cir. 1976), *cert. denied* 431 U.S. 967 (1977) (rule applied in criminal matter). A person may appear in the federal courts only *pro se* or through legal counsel. 28 U.S.C. § 1654. This Court's local rules prohibit representation by non-lawyers. W.D. Mich. L.R. 18(a). In Plaintiff's complaint, he indicates that Defendants Lockhart, Riley, Hood, Bonevelle, Lesatz, and Bauman violated the rights of prisoners Allison and Settles, but not his own rights. Therefore, because prisoners Allison and Settles are not parties to this action, Defendants Lockhart, Riley, Hood, Bonevelle, Lesatz, and Bauman are properly dismissed.

Plaintiff asserts that Defendants Director Patricia L. Caruso, Director Kenneth McGinnis, Special Activities Coordinator Mike Martin, Warden Gary Capella, Chaplin Keith R. Snyder, Corrections Officer Robert Majurin, Jr., Warden Willie O. Smith, and Acting Chaplin Unknown Cheney violated his constitutional rights by denying him a Kosher diet based on an improper Kosher test. Plaintiff also states that Defendants denied him Fast Day meal

accommodations for the Passover Meal and seven days of unleavened bread as required by his religious beliefs. Plaintiff also states that Defendants treated Black Jewish prisoners differently than White Jewish prisoners. Plaintiff seeks damages and equitable relief.

> II. <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Liability under Section 1983 must be based on more than merely the right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981); *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). Thus, Section 1983 liability cannot be premised upon mere allegations of *respondeat superior*. *Monell*, 436 U.S. at 691; *Polk*, 454 U.S. at 325. A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982). *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).

Supervisory officials can be held liable for the acts of their subordinates only if plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and that this failure resulted in a denial or deprivation of plaintiff's federal rights. *See e.g. Leach*, 891 F.2d at 1246; *Hayes v. Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985). However, the failure of a supervisor to supervise, control or train the offending employee is not actionable absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, the offensive conduct. *Leach*, 891 F.2d at 1246. Such a claim

requires, at a minimum, that the official had knowledge of the offending employee's conduct at a time when the conduct could be prevented, or that such conduct was otherwise foreseeable or predictable. *See e.g. Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992). In addition, plaintiff must show that defendant had some duty or authority to act. *See e.g. Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (lower level official not liable for shortcomings of building); *Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 351 (6th Cir. 1984) (mere presence at the scene is insufficient grounds to impose Section 1983 liability in the absence of a duty to act); *accord Hall v. Shipley*, 932 F.2d 1147 (6th Cir. 1991). In addition, merely bringing a problem to the attention of a supervisory official is not sufficient to impose such liability. *See Shelly v. Johnson*, 684 F. Supp. 941, 946 (W.D. Mich. 1987) (Hillman, C.J.), *aff'd* 849 F.2d 228 (6th Cir. 1988). Finally, supervisory liability claims cannot be based on simple negligence. *Leach*, 891 F.2d at 1246; *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd* 915 F.2d 1574 (6th Cir. 1990).

Plaintiff has not alleged facts establishing that Defendants Sean Lockhart, Gerald Riley, V. Hood, Mary Bonevelle, D. Lesatz, and Catherine S. Bauman were personally involved in the activity which forms the basis of his claim. As noted above, Plaintiff fails to allege any facts showing that Defendants Sean Lockhart, Gerald Riley, V. Hood, Mary Bonevelle, D. Lesatz, and Catherine S. Bauman had any contact with him at all. Accordingly, the Court concludes that Plaintiff's claims against Defendants Sean Lockhart, Gerald Riley, V. Hood, Mary Bonevelle, D. Lesatz, and Catherine S. Bauman are properly dismissed for lack of personal involvement.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Sean Lockhart, Gerald Riley, V. Hood, Mary Bonevelle, D. Lesatz, and Catherine S. Bauman will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Patricia L. Caruso, Kenneth McGinnis, Mike Martin, Gary Capella, Keith R. Snyder, Robert Majurin, Jr., Willie O. Smith, Gerry Wyma, and Unknown Cheney.

An Order consistent with this Opinion will be entered.


Dated: 7/3/2012 /s/ R. Allan Edgar
R. Allan Edgar
United States District Judge