UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALRELIO EVANS,

        Plaintiff,                    Case No. 2:11-cv-492

v.                                        Honorable R. Allan Edgar

PATRICIA L. CARUSO, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

        Plaintiff Alrelio Evans filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Director Patricia L. Caruso, Director Kenneth McGinnis, Special Activities Coordinator Mike Martin, Warden Gary Capella, Chaplin Keith R. Snyder, Corrections Officer Robert Majurin, Jr., Warden Willie O. Smith, and Acting Chaplin Unknown Cheney. Plaintiff claims that these individuals violated his constitutional rights by denying him a Kosher diet based on an improper Kosher test. Plaintiff also states that Defendants denied him Fast Day meal accommodations for the Passover Meal and seven days of unleavened bread as required by his religious beliefs. Finally, Plaintiff asserts that Defendants treated Black Jewish prisoners differently than White Jewish prisoners. Plaintiff seeks damages and equitable relief.

        Plaintiff has filed a request for a temporary restraining order and preliminary injunction, seeking to be placed on a Kosher diet immediately. I have reviewed Plaintiff's request for injunctive relief and conclude that the request lacks merit on the grounds presented as it fails to establish a substantial likelihood of success on the merits and does not establish that Plaintiff will

suffer irreparable harm if the requested relief is not granted. Therefore, I recommend that Plaintiff's request for a temporary restraining order and preliminary injunction be denied.

The Sixth Circuit has explained that a court confronted with a request for injunctive relief must consider and balance four factors:

> 1. Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.
>
> 2. Whether the movant has shown irreparable injury.
>
> 3. Whether the preliminary injunction could harm third parties.
>
> 4. Whether the public interest would be served by issuing a preliminary injunction.

*Mason County Medical Ass'n. v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977). *See also*, *Frisch's Restaurant Inc. v. Shoney's*, 759 F.2d 1261, 1263 (6th Cir. 1985); *Ardister v. Mansour*, 627 F.Supp. 641 (W.D. Mich. 1986).

Moreover, where a prison inmate seeks an order enjoining state prison officials, this court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984). *See also Harris v. Wilters*, 596 F.2d 678 (5th Cir. 1979). It has also been remarked that a party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *See Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319 (2nd Cir. 1969), *cert. denied*, 394 U.S. 999 (1969). *See also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

As noted above, Plaintiff alleges that the defendants have violated his constitutional rights by failing to provide him with a Kosher diet after he failed to pass the Kosher test. However, Plaintiff fails to allege facts showing that he will suffer irreparable harm absent injunctive relief.

Because Plaintiff has failed to meet the heavy burden establishing the need for injunctive relief, I recommend that Plaintiff's motion for a temporary restraining order and preliminary injunction (Docket #5) be denied.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley
      TIMOTHY P. GREELEY
      UNITED STATES MAGISTRATE JUDGE

Dated: July 26, 2012