UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALRELIO EVANS,

    Plaintiff,

v.                                                      Case No. 2:11-cv-492
                                                      HON. R. ALLAN EDGAR

KEITH SNYDER, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Alrelio Evans, an inmate currently confined at the Marquette Branch Prison, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against several employees of the Michigan Department of Corrections (MDOC). The remaining defendants are Chaplain Keith Snyder and Chaplain Gerry Wyma. Plaintiff alleged that defendant Snyder denied him a bag meal to observe the Fast of Tisha B'av and that defendant Wyma denied him Jewish literature and failed to make rounds in segregation. This matter is currently set for trial on October 21, 2013.

Defendants have moved for summary judgment. Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but

must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Plaintiff argues that his rights under the Religious Land Use and Institutionalized Persons Act were violated by defendants. The RLUIPA statute provides, in pertinent part, that

> [n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution ... even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person-
>
> (1) is in furtherance of a compelling governmental interest; and
>
> (2) is the least restrictive means of furthering that compelling governmental interest.
>
> 42 U.S.C. § 2000cc-1(a).

In relevant part, the RLUIPA prohibits any government from imposing a "substantial burden on the religious exercise" of a prisoner, unless such burden constitutes the least restrictive means of furthering a compelling governmental interest. 42 U.S.C. § 2000cc-1(a). The term "religious exercise" "includes any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7). While this definition of religious exercise is broad, it does require that Plaintiff's religious beliefs be "sincerely held." *See, e.g., Episcopal Student Foundation v. City of Ann Arbor*, 341 F.Supp.2d 691, 700 (E.D. Mich. 2004) (citation omitted); *Lovelace v. Lee*, 472 F.3d 174, 187 n.2 (4th Cir. 2006) (citations omitted). However, prison officials may not inquire into whether a particular belief or practice is "central" to a prisoner's religion. *Cutter v. Wilkinson*, 544 U.S. 709, 725 n.13 (2005) (recognizing that "the truth of a belief is not open to question, rather the question is whether the objector's beliefs are truly held").

While the phrase "substantial burden" is not defined in RLUIPA, courts have concluded that a burden is substantial where it forces an individual to choose between the tenets of his religion and foregoing governmental benefits or places "substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Living Water Church of God v. Charter Township of Meridian*, 258 Fed. Appx. 729, 733-34 (6th Cir., Dec. 10, 2007) (citations omitted); *see also*, *Marshall v. Frank*, 2007 WL 1556872 at *5 (W.D. Wis., May 24, 2007) (quoting *Civil Liberties for Urban Believers v. City of Chicago*, 342 F.3d 752, 761 (7th Cir. 2003)) (a substantial burden is one which renders religious exercise "effectively impracticable"); *Cutter v. Wilkinson*, 544 U.S. 709, 720 (2005) (recognizing that RLUIPA's institutionalized persons provision was intended to alleviate only "exceptional" burdens on religious exercise).

By the same token, a burden is less than "substantial" where it imposes merely an "inconvenience on religious exercise," *see, e.g., Konikov v. Orange County, Florida*, 410 F.3d 1317,

1323 (11th Cir. 2005), or does not "pressure the individual to violate his or her religious beliefs." *Living Water Church of God v. Charter Township of Meridian*, 258 Fed. Appx. at 734. Such conclusions recognize that RLUIPA was not intended to create a cause of action in response to every decision which serves to inhibit or constrain religious exercise, as such would render meaningless the word "substantial." *See Civil Liberties for Urban Believers*, 342 F.3d at 761.

Although the statute permits the recovery of "appropriate relief against a government," 42 U.S.C. § 2000cc-2(a), monetary damages are not available under RLUIPA. In *Sossamon v. Texas*, 131 S. Ct. 1651 (2011), the Supreme Court held that the RLUIPA did not abrogate sovereign immunity under the Eleventh Amendment. *See also Cardinal v. Metrish*, 564 F.3d 794, 801 (6th Cir. 2009) ("[T]he Eleventh Amendment bars plaintiff's claim for monetary relief under RLUIPA.").

Plaintiff also asserts that his religious rights were violated by defendants under the First Amendment. While "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights," inmates clearly retain the First Amendment protection to freely exercise their religion. *See O'Lone v. Shabazz*, 482 U.S. 342, 348 (1987) (citations omitted). To establish that this right has been violated, Plaintiff must establish that: (1) the belief or practice he seeks to protect is religious within his own "scheme of things," (2) that his belief is sincerely held, and (3) Defendant's behavior infringes upon this practice or belief. *Kent v. Johnson*, 821 F.2d 1220, 1224-25 (6th Cir. 1987); *see also, Flagner v. Wilkinson*, 241 F.3d 475, 481 (6th Cir. 2001) (same); *Bakr v. Johnson*, No. 95-2348, 1997 WL 428903, at *2 (6th Cir. July 30, 1997) (noting that "sincerely held religious beliefs require accommodation by prison officials").

While inmates retain First Amendment rights to the free exercise of religion, prison officials may impinge on these constitutional rights where their actions are "reasonably related to

legitimate penological interests." *See Flagner*, 241 F.3d at 483 (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)). To determine whether a prison official's actions are reasonably related to a legitimate penological interest, the Court must assess the official's actions by reference to the following factors:

>   1. does there exist a valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it;
>
>   2. are there alternative means of exercising the right that remain open to prison inmates;
>
>   3. the impact that accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally; and
>
>   4. whether there are ready alternatives available that fully accommodate the prisoner's rights at de minimis cost to valid penological interests.

*Flagner*, 241 F.3d at 484 (quoting *Turner*, 482 U.S. at 89-91).

Failure to satisfy the first factor renders the regulation or action infirm, without regard to the remaining three factors. *Flagner*, 241 F.3d at 484 (quoting *Turner*, 482 U.S. at 89-90) ("a regulation cannot be sustained where the logical connection between the regulation and the asserted goal is so remote as to render the policy arbitrary or irrational"). If the first factor is satisfied, the remaining three factors are considered and balanced together; however, they are "not necessarily weighed evenly," but instead represent "guidelines" by which the court can assess whether the policy or action at issue is reasonably related to a legitimate penological interest. *Flagner*, 241 F.3d at 484 (citations omitted). It should further be noted that the *Turner* standard is "not a 'least restrictive alternative' test" requiring prison officials "to set up and then shoot down every conceivable alternative method of accommodating the claimant's constitutional complaint." Instead, the issue

is simply whether the policy or action at issue is reasonably related to a legitimate penological interest. *Id.*

In the opinion of the undersigned, plaintiff has not shown a violation of his religious rights under the RLUIPA or the First Amendment. At best, plaintiff has established that he was inconvenienced. Plaintiff alleges that defendant Snyder on two occasions violated his rights under the First Amendment by denying him a snack bag while plaintiff was engaging in Jewish fasts. Plaintiff knew that he would not receive the snack bag before he voluntarily participated in the fast. Plaintiff in fact participated in the fast, so he cannot argue that his religious rights were violated. At best, plaintiff was inconvenienced in not receiving snack bags. Defendant had explained to plaintiff that he would not receive a snack bag, because he was not approved for a Kosher diet and only those prisoners approved for a Kosher diet would receive the snack bag. Moreover, plaintiff had the opportunity to purchase his own food or snacks from the prison store. In the opinion of the undersigned, plaintiff cannot show that defendant Snyder violated his rights.

Similarly, plaintiff claims that defendant Wyma violated his rights by failing to provide him Jewish literature and failing to make rounds in segregation. Again, plaintiff had numerous opportunities for religious teaching in the prison. Plaintiff can receive Jewish religious materials through the mail and can purchase materials from approved vendors. Plaintiff had access to visits from clergy and outreach volunteers. Plaintiff complains that he was merely inconvenienced and that he failed to get what he wanted. Plaintiff has not established that his religious rights were violated under the RLUIPA or the First Amendment.

Similarly, to the extent that plaintiff alleges that defendants violated his equal protection rights, plaintiff has completely failed to support such a claim. To establish a violation of the Equal Protection Clause, a prison inmate must prove that a discriminatory intent or purpose

against a disfavored class or excluded group was a factor in an action taken by prison officials. *See McCleskey v. Kemp*, 481 U.S. 279 (1987); *Heckler v. Mathews*, 465 U.S. 728 (1984); *Village of Arlington Heights v. Metropolitan Housing Development Corporation*, 429 U.S. 252, 265 (1977). In the instant action, plaintiff has failed to plead with any specificity the basis of his equal protection claim, or facts demonstrating a discriminatory purpose. Therefore, in the opinion of the undersigned, plaintiff has failed to state a viable equal protection claim.

To the extent that plaintiff is claiming his state law rights were violated, it is recommended that this court refuse to exercise pendent jurisdiction over such claims. Claims raising issues of state law are best left to determination by the state courts, particularly in the area of prison administration. In addition, pendent jurisdiction over state law claims cannot be exercised after all federal claims have been dismissed. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726-727 (1966); *Smith v. Freland*, 954 F.2d 343, 348 (6th Cir.), *cert. denied*, 504 U.S. 915 (1992).

Plaintiff has moved for a temporary restraining order against the defendants requiring them to provide him Kosher meals at the prison. The issuance of preliminary injunctive relief is committed to the discretion of the district court. *Planned Parenthood Association v. City of Cincinnati*, 822 F.2d 1390, 1393 (6th Cir. 1987). In exercising that discretion, the court must consider and balance four factors:

> 1. Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.
>
> 2. Whether the movant has shown irreparable injury.
>
> 3. Whether the preliminary injunction could harm third parties.
>
> 4. Whether the public interest would be served by issuing a preliminary injunction.

*Washington v. Reno*, 35 F.3d 1093 (6th Cir. 1994). These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be carefully balanced by the district court in exercising its equitable powers. *Id.*

Moreover, where a prison inmate seeks an order enjoining state prison officials, this Court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984). *See also Harris v. Wilters*, 596 F.2d 678 (5th Cir. 1979). It has also been remarked that a party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *See Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319 (2d Cir. 1969), *cert. denied*, 394 U.S. 999 (1969). *See also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

Plaintiff's "initial burden" in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his Section 1983 action. *NAACP v. City of Mansfield, Ohio*, 866 F.2d 162, 167 (6th Cir. 1989). A review of the materials of record fails to establish a substantial likelihood of success with respect to plaintiff's claim that the defendants have violated his religious rights. Moreover, plaintiff's request for Kosher meals is unrelated to the remaining claims in this case. Furthermore, plaintiff has failed to establish that he will suffer irreparable harm absent injunctive relief.

Finally, in the context of a motion impacting on matters of prison administration, the interests of identifiable third parties and the public at large weigh against the granting of an injunction. Any interference by the federal courts in the administration of state prison matters is necessarily disruptive. The public welfare therefore militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights. *See Glover v. Johnson*, 855 F.2d 277, 286-87 (6th Cir. 1988). That showing has not been made here.

In summary, in the opinion of the undersigned, Plaintiff has failed to sustain his burden of proof in response to defendants' Motion for Summary Judgment. Accordingly, it is recommended that defendants' Motion for Summary Judgment (Docket #69) be granted and this case be dismissed in its entirety. It is further recommended that plaintiff's Motion for Preliminary Injunction/Temporary Restraining Order (Docket #74), Motion for Appointment of Counsel (Docket #62), and Motion for a Writ of Habeas Corpus Ad Testificandum (Docket #77) be denied.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley
      TIMOTHY P. GREELEY
      UNITED STATES MAGISTRATE JUDGE

Dated: September 10, 2013